OPINION
Defendant, John Moody, appeals from his conviction and sentence for theft.
On January 31, 1997, John Moody entered the K Mart store on Upper Valley Pike in Springfield, Ohio. Joyce Colliers, the loss control manager for that K Mart store, watched Moody as he placed cartons of cigarettes in a hand-held shopping basket, carried them around the store, and eventually concealed three cartons of cigarettes inside his jacket and left the store without making any attempt to pay for this merchandise.
Ten or fifteen minutes prior to this shoplifting incident John Moody's brother, Gurney Moody, had entered the same K Mart store and was observed filling up a hand-held shopping basket with videotapes and then carrying them around the store. When Connie Shaffer, the hard lines merchandise manger, approached Gurney Moody and began speaking with him, he sat the basket of videotapes down and left the store.
When John Moody left the K Mart store without paying for the three cartons of cigarettes he had concealed inside his coat, Joyce Colliers and Connie Shaffer followed him outside. They observed John Moody get into a vehicle driven by his brother, Gurney Moody, and drive away. There were three males and one female inside the vehicle.
Colliers and Shaffer immediately relayed a description of that car and its license plate number to police. A few minutes later, German Township Police Officer Chad Eubanks spotted this vehicle on Upper Valley Pike after receiving a description and the license plate number over his police radio. Officer Eubanks immediately stopped the vehicle. There were three males and one female inside. Officer Eubanks approached the driver, Gurney Moody, and asked him "where the cigarettes were at." John Moody, who was sitting in the back seat, replied: "they're in the trunk."
After backup police units arrived and Gurney Moody signed a consent to search the vehicle, police opened the trunk and discovered a large quantity of merchandise which included twelve cartons of cigarettes, sixteen videotapes and numerous packages of razor blades. Police contacted Joyce Colliers at K Mart and she came to the scene and identified John Moody.
When Officer Eubanks asked John Moody for identification, he falsely identified himself as Arlow Phillips. At the time of his arrest John Moody had over six thousand dollars on his person.
Police gave Joyce Colliers an inventory list of the items recovered from the trunk of Gurney Moody's vehicle. By conducting an audit of the K Mart store's inventory, Colliers was able to determine that the cartons of cigarettes, videotapes and razor blades found in Gurney Moody's car trunk belonged to K Mart and had been removed from that K Mart store's inventory on January 31, 1997. An audit of the merchandise that was supposed to be on hand compared with what actually was on hand, revealed that the items missing from the store's inventory matched up exactly with the items recovered from Gurney Moody's vehicle. The total value of this merchandise was over one thousand four hundred dollars.
John Moody was indicted on one count of felony Theft in violation of R.C. 2913.02. Following a jury trial Moody was found guilty as charged. The trial court sentenced Moody to one year imprisonment, consecutive to the other sentences Moody was serving, and fined him two thousand five hundred dollars.
From his conviction and sentence John Moody has timely appealed to this court.
ASSIGNMENT OF ERROR
 PURSUANT TO THE TESTIMONY OF THE STATE'S WITNESSES DEFENDANT SHOULD HAVE BEEN CONVICTED OF A MISDEMEANOR.
The sole issue presented for review in this appeal involves the sufficiency of the evidence. John Moody argues that because K Mart employees observed him stealing only three cartons of cigarettes and nobody saw him steal the other merchandise found in the trunk of his brother's car, or even saw him enter the trunk of that car, the evidence presented by the State was sufficient to convict him of stealing only the three cartons of cigarettes valued at approximately fifty dollars, which is a first degree misdemeanor offense. R.C. 2913.02. John Moody argues that the evidence is insufficient to convict him of "obtaining or exerting control over" the additional items discovered in his brother's car which have a value in excess of five hundred dollars and therefore elevate this theft offense to a felony of the fifth degree.
John Moody was convicted of violating R.C. 2913.02 which provides in relevant part:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent.
Ohio's complicity statute, R.C. 2923.03, provides in part:
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
(1) Solicit or procure another to commit the offense;
(2) Aid or abet another in committing the offense;
 (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 (4) Cause an innocent or irresponsible person to commit the offense.
* * *
 (F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.
Complicity may be proved by either direct or circumstantial evidence. State v. Cartellone (1981), 3 Ohio App.3d 145. Direct and circumstantial evidence have the same probative value. Statev. Jenks (1991), 61 Ohio St.3d 259.
 "Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 "Weight" of the evidence refers to the inclination of the greater amount of the credible evidence presented in a trial to prove the issue established by the verdict that was reached. State v. Thompkins (1997), 78 Ohio St.3d 380
. The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof. Id.
State v. Bradley (Oct. 2, 1997), Champaign App. No. 97-CA-03, unreported, at 7.
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
There is no direct evidence in this case which demonstrates that John Moody either obtained or exerted control over any of the items recovered from the trunk of Gurney Moody's vehicle, or that John Moody assisted or encouraged others with respect to the theft of those items, except for the three cartons of cigarettes John Moody was observed stealing from the K Mart store. The evidence does demonstrate, however, that these other items recovered from Gurney Moody's vehicle, including the additional cartons of cigarettes, the videotapes, and the packages of razor blades, were removed from the K Mart store's inventory on January 31, 1997, that those items had not been paid for, and that the items missing from the K Mart store's inventory matched up exactly with the type and number of items recovered from the trunk of Gurney Moody's vehicle. From the evidence presented at trial this jury could reasonably infer that John Moody had access to the trunk of Gurney Moody's vehicle.
John Moody was a passenger in that vehicle at the time police stopped it. That is the same vehicle John Moody got into in order to flee from the K Mart store after employees observed him stealing cartons of cigarettes. When police stopped this vehicle and inquired where those cigarettes were at, John Moody answered: "they're in the trunk." The cartons of cigarettes John Moody was observed stealing were found inside the trunk of Gurney Moody's vehicle, along with those other items which K Mart employees later determined had been removed from their store's inventory that same day. Based upon all of this evidence the jury could reasonably infer John Moody's participation or complicity in the theft of this other merchandise which was missing from the K Mart store and recovered from the trunk of Gurney Moody's vehicle.
Viewing the evidence presented in this case in a light most favorable to the State, as we must, we conclude that a rational trier of fact could find all of the essential elements of theft proven beyond a reasonable doubt. Moody's conviction is supported by legally sufficient evidence.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Steve Collins, Esq., Albert Stewart, Esq., HON. GERALD F. LORIG